IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BOB PORTO, on behalf of himself
and all other Arkansans similarly
situated, d/b/a/ Bob Porto Builders                                   PLAINTIFF

v.                           No. 4:17-cv-437-DPM

STATE FARM FIRE AND
CASUALTY COMPANY                                                      DEFENDANT

ORDER

1. Bob Porto filed four identical class action lawsuits about lost roofing business against different insurance companies in Arkansas state court. Three — the cases against Safeco, Allstate, and State Farm — were removed. The complaints against Safeco and Allstate have been dismissed without prejudice. State Farm seeks the same result.

2. State Farm's motion, № 12, is granted. The Court agrees with Judges Holmes and Moody that Porto lacks standing. No. 4:17-cv-440-JLH, Order № 23; No. 4:17-cv-436-JM, Order № 33. Porto hasn't plausibly traced his alleged injury — lost roofing jobs — to State Farm's alleged misconduct. He says that State Farm makes its policyholders hire the lowest-bidding roofer, who State Farm knows won't do the job up to code. Assuming all this is true, it leaves too many open questions about what caused Porto's lost business. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The complaint doesn't say, for example, that

had they been given a blank check, State Farm's policyholders would have hired Porto. It also doesn't say that, if other roofers had followed Arkansas's building codes, their bids would have been higher than Porto's. In sum, it's not plausibly alleged that Porto's business would be in a different position but for State Farm's actions.

There are two loose ends. The Arkansas Supreme Court's recent ADTPA decision, *Air Evac EMS, Inc. v. Usable Mutual Insurance Company*, No. CV-17-103, doesn't affect the standing analysis. Porto asks in passing for leave to amend. But, as State Farm points out, he has not proposed an amended complaint or specified how he could and would fill the identified gaps. In these circumstances, a new case is the better route if Porto wants to continue the litigation.

\*   \*   \*

Porto's complaint, № 2, will be dismissed without prejudice.

So Ordered.

*/s/ DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 December 2017